UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------
JOHN R. ATKINSON, III,

                                        Plaintiff,

                                                                                   9:07-CV-0368
                                                                                 (GLS)(GHL)

   v.

BRIAN FISCHER, Acting Commissioner, *et al.*,

                                        Defendants.
------------------------------------------------------------------------------
APPEARANCES:

JOHN R. ATKINSON, III
Plaintiff, *pro se*

HON. ANDREW M. CUOMO                     STEVEN H. SCHWARTZ, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

GEORGE H. LOWE, U.S. MAGISTRATE JUDGE

## **DECISION AND ORDER**

     Presently before the Court is a Motion to Compel Discovery filed by Plaintiff, John Atkinson. Defendants have opposed the Motion.

**A.    Background.**

     This action was filed on April 6, 2008. Dkt. No. 1. In his amended Complaint, Plaintiff alleges that he was injured in a fall from his bunk,[1] and his Dorm C.O., Raymond Daubbs, demanded that the medical department see Plaintiff for his injuries. Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs, and delayed prescribed

---

[1] It appears that this fall occurred sometime in late 2005 or early 2006.

therapy for eighteen months. Dkt. No. 7. Defendants answered the amended Complaint on October 24, 2007 and January 3, 2008. Dkt. Nos. 22 and 27. On December 20, 2007 a Pretrial Order issued, setting the discovery deadline for June 30, 2008 and the Motion to Compel filing deadline for July 30, 2008. Dkt. No. 26.

Plaintiff filed his Motion to Compel Discovery on April 16, 2008. Dkt. No. 30. Defendants filed their initial opposition to the Motion on May 8, 2008, but they had not yet responded to Plaintiff's discovery demands. Dkt. No. 31. Plaintiff filed a reply on May 20, 2008. Dkt. No. 32. On May 29, 2008 the Court granted Defendants an extension to May 30, 2008 to respond to Plaintiff's discovery demands, and to file their discovery responses with the Court. Dkt. No. 33. Defendants filed their discovery responses on June 2, 2008. Dkt. No. 34. Plaintiff filed a reply to the responses on June 9, 2008. Dkt. No. 35.

**B.     The Motion to Compel.**

Plaintiff served his first Request for Production of Documents on January 17, 2008. Dkt. No. 30, Exhibit 1. After receiving no response from the Defendants, Plaintiff wrote Defendants' counsel on March 18, 2008.[2] *Id.*, Exhibit 2. In his letter Plaintiff advised Defendants that, if he did not receive a response within fifteen (15) days, he intended to file a Motion to Compel Discovery. *Id.* Defendants' counsel responded to Plaintiff's March 18, 2008 letter on March 27, 2008 and requested an additional sixty (60) days to respond to the outstanding January 17, 2008 discovery demands. Dkt. No. 31, Exhibit B. Plaintiff responded by letter advising Defendants' counsel that he did not consent to the 60 day extension because such an extension "uses up the

---

[2]Plaintiff also served a second set of discovery demands on Defendants' counsel in March 2008. Dkt. No. 34. Plaintiff did not raise issues relating to these demands in the original Motion. However, they have been presented to the Court by Defendants' counsel. Dkt. No. 34.

2

total allowable time given by the court for purposes of discovery." Dkt. No. 30, April 7, 2008 letter from Atkinson to Schwartz. On May 7, 2008, as part of his response to the Motion to Compel Discovery, Defendants' counsel sought an extension to May 30, 2008 to respond to the January and March Requests for Production of Documents. Dkt. No. 31. That request was granted on May 29, 2008. Dkt. No. 33. Defendants served their responses to Plaintiff's January and March Requests for Production of Documents on Plaintiff on May 28, 2008. Dkt. No. 34.

As a preliminary matter, before reviewing the substance of the demands and the responses thereto, the Court notes that Defendants' counsel has offered to produce some documents for Plaintiff. However, counsel has not given Plaintiff an option to review those documents. Rather, in each instance, counsel simply states that the records will be provided upon payment of a photocopy fee of 25¢ per page. *See* Dkt. No. 34. However, Plaintiff states that "plaintiff is under the impression that there are no fees in discovery and if there were they would bee (*sic*) waived under Poor Person status." Dkt. No. 35.

Rule 34(a)(1) and Rule 34 (b)(2)(B) of the Federal Rules of Civil Procedure clearly contemplate that the requesting party is entitled to inspect responsive documents and, if he so elects, have the documents copied at his expense. Thus, Plaintiff has the right to inspect any documents prior to paying to have them reproduced. Such inspection may properly occur at one of the Offices of the New York State Attorney General within the District where Plaintiff now resides.[3]

However, neither Fed. R. Civ. P. 34, nor 28 U.S.C. § 1915, which governs proceedings *in forma pauperis*, requires a defendant to assist in financing the cost of litigation incurred by a

---

[3]Plaintiff is no longer incarcerated.

3

party bringing suit against it. *Williams v. Coughlin*, No. 95-CV-1737, slip op. at 2-3 (N.D.N.Y. May 31, 1996) (Pooler, J.) ("copying and/or witness expenses are not included among the delineated expenses for which the Court can direct payment."); *Billups v. West*, No. 95 Civ. 1146, 1997 WL 100798, at *7 (S.D.N.Y. Mar. 6, 1997). Defendants' obligations under Rule 34 therefore extend only to the requirement of providing such documents for inspection and, if requested, for photocopying at Plaintiff's expense. Plainly, neither Rule 34 of the Federal Rules of Civil Procedure nor Plaintiff's *in forma pauperis* status entitles him to free copies of discovery materials.[4] *See Garraway v. Moravato*, No. 99-CV-1913, 2003 WL 21051724, at *7 (N.D.N.Y. May 8, 2003) (Sharpe, M.J.); *Billups v. West*,1997 WL 100798, at *7; *see also* N.D.N.Y. L.R. 5.4(a).

With respect to the fee for photocopies, in *Koehl v. Green*, 9:06-CV-0478 this Court recently noted the decisions in *Koehl v. Green*, 9:05-CV-0852, Dkt. No. 85 (Peebles, M.J.) as well as *Sheils v. Minogue*, 9:06-CV-0482, Dkt. No. 29 (Treece, M.J.) that found a 25¢ per page photocopy fee to be excessive. *See* 9:06-CV-0478, Dkt. No. 86. This Court found, consistent with the prior decisions in *Koehl* and *Sheils*, that a 10¢ per page photocopy fee was reasonable. *Id.* Thus, after all responsive documents have been made available for Plaintiff's inspection, any copies Plaintiff may request shall be made avaible to him upon payment of a 10¢ per page photocopy fee.

The Court has reviewed Plaintiff's document demands, and Defendants' responses

---

[4]Plaintiff was advised in Judge Sharpe's May 11, 2007 Order that "Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees." Dkt. No. 6

thereto.  The Court finds that many of the objections asserted are proper and well founded.  Thus, the Court will address only those demands where a further response is required.

In the January 17, 2008 Demands, demand 2 is somewhat vague as written.  However, it is clear that Plaintiff seeks a copy of any written procedure that is in place that must be followed in order for an inmate to be seen by a physician.[5]  Defendants' objection regarding over breadth and the onerous nature of reviewing policies does not appear to be founded in this instance.  Thus, any DOCS policy governing the process for an inmate to be seen by a facility physician shall be made available for Plaintiff's inspection.

Demand 4 appears to seek two different types of information: medical records and the accident report(s) describing Plaintiff's accidental fall from his bed.  Clearly, any accident reports filed by DOCS staff relating to Plaintiff's fall are relevant to this action and shall be produced.  Further, in order to assure that Plaintiff has access to all pertinent medical information, the Defendants shall produce for inspection Plaintiff's entire medical record for the period beginning in September 2005 and continuing through the end of Plaintiff's incarceration.

With respect to the March 2008 demands, a number of demands appear to be duplicates of those served in the January 2008 demands.  Upon Defendants' production of Plaintiff's medical records, as required above, the Court finds that all proper demands will have been responded to.

WHEREFORE, it is hereby

ORDERED, that the Defendants make available for Plaintiff's inspection, those

---

[5] In fact, it appears that one of Plaintiff's central allegations in his complaint is that he was denied access to a physician for some extended period of time.

documents which Defendants offered to produce in their written responses to Plaintiff's discovery demands, and those documents ordered to be produced pursuant to the terms of this Order, and it is further

ORDERED, that said documents shall be made available for Plaintiff's inspection, within **thirty (30) days** from the filing date of this Order and Plaintiff shall be advised, in writing, of their availability within **thirty (30) days** from the filing date of this Order.  Plaintiff shall review the documents at an Office of the New York State Attorney General located in the District where Plaintiff resides during regular business hours.[6]  Plaintiff shall undertake and complete review of the produced documents within **forty five (45) days** from the filing date of this Order or he shall be deemed to have waived his right to such inspection.  Any photocopies that are requested by Plaintiff shall be made avaible to him at the cost of 10¢ per page, and it is further

ORDERED, that the dispositive motion filing deadline remains October 30, 2008, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: August 4, 2008
        Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[6]At Defendants' option, if they prefer not to forward the records to the appropriate Attorney General's Office and keep them available for inspection for the required 15 day period, they may produce them to Plaintiff, by mail, without fee.