**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN R. ATKINSON, III,**

                Plaintiff,                No. 9:07-cv-00368
                                                   (GLS/GHL)

        v.

**BRIAN FISCHER,** Acting Commissioner, N.Y. State Department of Correctional Services; **JOHN J. DONELLI,** Superintendent, Bare Hill Correctional Facility; **DR. IRA WEISSMAN,** Facility Physician, Bare Hill Correctional Facility,

                Defendants.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| John R. Atkinson, III<br>*Pro Se*<br>88 Stephen Road<br>Bayport, NY 11705 | |
| **FOR THE DEFENDANTS:** | |
| HON. ANDREW CUOMO<br>New York Attorney General<br>615 Erie Boulevard West<br>Suite 102<br>Syracuse, NY 13204-2455 | STEVEN H. SCHWARTZ<br>Assistant Attorney General |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

The above-captioned matter comes to this court following a Report-Recommendation and Order (R&R) by Magistrate Judge George H. Lowe, filed July 10, 2009. (Dkt. No. 44.) The R&R[1] recommended that defendants' motion for summary judgment be granted in its entirety. Pending are Atkinson's objections to the R&R. (Dkt. No. 45.) For the reasons that follow, the R&R is adopted in its entirety.

### II. Background

John R. Atkinson, III, a former inmate at Bare Hill Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights when he was: (1) assigned to a top bunk despite a physical impairment allegedly entitling him to a bottom bunk;[2] (2) assigned to a job requiring manual labor despite his impairment;

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

[2] Atkinson was transferred from Downstate Correctional Facility to Bare Hill Correctional Facility in October 2005. (*See* Am. Compl. at ¶¶ 8, 10, Dkt. No. 7.) Atkinson has conceded that his transfer paperwork made no mention of him needing a bottom bunk. (*See* Objections at ¶ 4(a), Dkt. No. 45.)

2

(3) denied adequate medical care; and (4) discriminated against in the provision of medical care. (*See generally* Am. Compl., Dkt. No. 7.) Defendants moved for summary judgment, arguing *inter alia* that Atkinson failed to allege defendants' personal involvement in any unlawful conduct, and that Atkinson's claims regarding bunk placement, job assignment, and inadequate medical care are meritless.

On July 10, 2009, Magistrate Judge Lowe recommended dismissal of all of Atkinson's claims. The court will now review the R&R and the objections raised by Atkinson.

### III.  Standard of Review

Before entering final judgment, this court routinely reviews all report-recommendations in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole,* No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the magistrate judge's findings and recommendations for clear error. *See id.*

## IV. Discussion

### A. Bunk Placement Claim

In recommending the dismissal of Atkinson's bunk placement claim, Judge Lowe explained that "there were no facts available to Defendants from which they could have drawn the inference that Plaintiff required a bottom bunk placement upon his transfer to Bare Hill Correctional Facilty" and that there "is no evidence that Defendants actually drew that inference." (*See* R&R at 20, Dkt. No. 44.) Atkinson responds that although defendants may not have initially known of his need for a bottom bunk, "other exhibits show that when the *facility* was made aware of the need for a bottom bunk . . . it took two years to get it." (*See* Objections at ¶ 4(a), Dkt. No. 45 (emphasis added).) This two-year delay, he claims, "meets the deliberate indifference standard." (*Id.* at ¶ 4(g).) The court will review this portion of the R&R de novo. *See Almonte*, 2006 WL 149049, at *6-7.

Upon de novo review, the court concurs with Judge Lowe's findings as to Atkinson's bunk placement claim. Initially, Atkinson's claim that it

took the facility two years to provide a bottom bunk is belied by the record.[3] Moreover, even crediting Atkinson's argument that the facility knew of and failed to address his need for a bottom bunk, there is, as Judge Lowe explained, no evidence that defendants were personally aware of that need or that they deliberately disregarded it. Accordingly, the court adopts the portion of the R&R dismissing Atkinson's bunk placement claim.

**B.    Job Assignment**

Judge Lowe next recommended the dismissal of Atkinson's job assignment claim, explaining that "there is no evidence . . . that any of the named Defendants were involved at all in the decision to assign Plaintiff to the porter job, much less that in doing so they were deliberately indifferent." (R&R at 22, Dkt. No. 44.) In response, Atkinson contends that he was assigned to the porter job "after the *facility* knew Plaintiff was injured," thereby "showing deliberate indifference." (Objections at ¶ 4(e), Dkt. No. 45 (emphasis added).) The court will review this portion of the R&R de novo.

Upon de novo review, the court concurs with Judge Lowe's findings

---

[3] CORC's records, as submitted by Atkinson, indicate that Atkinson, despite having no medical need for one, received a bottom bunk no later than December 12, 2006, less than one year after his January 16, 2006 injury. (*See* Am. Compl. at 28, Dkt. No. 7.) This was also less than two years from his October 2005 transfer to Bare Hill. (*See id*. at ¶ 10.)

as to Atkinson's job assignment claim. Even crediting Atkinson's claim that the facility knew of his injury prior to the job assignment, there is no evidence that defendants were personally aware of the injury or involved in assigning the job to Atkinson. Accordingly, the court adopts the portion of the R&R dismissing Atkinson's job assignment claim.

## C.     Inadequate Medical Care Claim

Judge Lowe next recommended the dismissal Atkinson's medical care claim. (*See* R&R at 25, Dkt. No. 44.) He found that while the delays Atkinson experienced in receiving medical attention were "somewhat troubling," they did not rise to the level required by the "deliberate indifference" standard. (*Id.* at 24.) Despite the imperfections of the system, he explained, "Plaintiff was evaluated by medical personnel frequently, prescribed pain medication, and given X-rays," and that "Dr. Ferrari and Dr. Weissman periodically examined him and reviewed his medical records." (*Id.* at 25.)

Atkinson's objections to this conclusion are somewhat unclear. He appears to claim only that Judge Lowe mischaracterized certain time periods related to his injury and treatment. Specifically, Atkinson identifies three treatment dates set forth in the "Background" section of the R&R and

6

details the number of months that had passed between the time of his injury and each of those three dates. (*See* Objections at ¶ 4(c), (d), (f), Dkt. No. 45.) The court is unsure of what Atkinson is attempting to show with these statements. Upon comparing the time spans stated in Atkinson's objections with the chronology of Atkinson's treatment set out by Judge Lowe in the R&R, there is no meaningful discrepancy.[4] Moreover, Judge Lowe specifically acknowledged these delays and weighed their significance in drawing his final conclusion. (*See* R&R at 23-25, Dkt. No. 44.) And even if the medical care and treatment provided to Atkinson were in some way deficient, there exists no evidence in the record that defendants were in any way personally involved with providing or withholding that care and treatment.[5] Accordingly, the court adopts the portion of the R&R dismissing Atkinson's medical care claim. (*See* R&R at

---

[4] The only discrepancy is one of computation. In his objections, Atkinson identifies a portion of the R&R which states that Dr. Weismann recommended physical therapy for Atkinson on January 31, 2007. The record indicates that this date is correct, and Atkinson does not appear to challenge its accuracy. Instead, after identifying this date in his objections, Atkinson states, "Two years after injury." (*See* Objections at ¶ 4(f), Dkt. No. 45 (emphasis in original).) Because Atkinson suffered his injury on January 16, 2006, a year and fifteen days prior to Dr. Weismann's recommendation, the two-year claim is erroneous and appears to be little more than an error in computation.

[5] In his objections, Atkinson states that defendants Fischer and Donelli are personally involved because they were informed of the delays in Atkinson's medical treatment, yet did nothing to remedy it. (Objections at ¶ 4(I), Dkt. No. 45.) As noted above, however, there is no evidence that either defendant personally knew of or was involved with the delays Atkinson experienced.

7

25, Dkt. No. 44.)

Finally, Atkinson has not objected to the remaining portions of the R&R.  After review of those portions for clear error, the court finds no error and adopts the R&R's recommendations as to those portions.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Lowe's July 10, 2009 Report-Recommendation and Order is adopted in its entirety; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

September 24, 2009
Albany, New York

_____
United States District Court Judge